UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 14-CV-21017-COOKE/TURNOFF**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MINT CONDOMINIUM APARTMENT
UNIT #312, LOCATED AT 92 S.W. 3rd Street,
MIAMI, FLORIDA 33130

Defendant.
_____/

**ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL ON BEHALF OF CLAIMANT, CESAR OMANA**

CESAR OMANA, claimant in the above-styled cause, by and through his undersigned attorneys, and pursuant to the applicable Federal Rules of Civil Procedure, respectfully submits the following Answer, Affirmative Defenses, and Demand For Jury Trial in response to the Government's Verified Complaint for Forfeiture *In Rem*:

**ANSWER**

1. Admit.

2. Admit.

3. Admit, except to deny that the Government is entitled to the relief sought herein.

4. Admit.

5. Denied.

6. Admit.

7. Admit, except to deny that Mariela Pereira was an unmarried woman.

8. Admit.

1

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. The claimant is without sufficient information to admit or deny the allegations contained herein.

15. The claimant is without sufficient information to admit or deny the allegations contained herein.

16. The claimant is without sufficient information to admit or deny the allegations contained herein.

17. The claimant is without sufficient information to admit or deny the allegations contained herein.

18. The claimant is without sufficient information to admit or deny the allegations contained herein.

19. Admit.

20. Admit that Trident Title, LLC served as the settlement agent for the seller Key Miami River II, LLC. The claimant is without sufficient information to admit or deny the remaining allegations in this paragraph.

21. Admit.

22. The claimant is without sufficient information to admit or deny the allegations contained herein.

23. Admit that the total of all payments referenced in paragraphs 17, 20, 22, and 23 form the deposit monies of $131,250. The claimant is without sufficient information to admit or deny the remaining allegations in this paragraph.

24. The claimant is without sufficient information to admit or deny the allegations contained herein.

25. Admit.

26. Admit.

27. Deny that Mint 312 LLC is solely owned by Mariela Pereira. The remaining allegations in this paragraph admitted.

28. The claimant is without sufficient information to admit or deny the allegations contained herein.

29. The claimant is without sufficient information to admit or deny the allegations contained herein.

30. The claimant is without sufficient information to admit or deny the allegations contained herein.

31. The claimant is without sufficient information to admit or deny the allegations contained herein.

32. The claimant is without sufficient information to admit or deny the allegations contained herein.

33. The claimant is without sufficient information to admit or deny the allegations contained herein.

34. The claimant is without sufficient information to admit or deny the allegations contained herein.

35. The claimant is without sufficient information to admit or deny the allegations contained herein.

36. The claimant is without sufficient information to admit or deny the allegations contained herein.

37. The claimant is without sufficient information to admit or deny the allegations contained herein.

38. The claimant is without sufficient information to admit or deny the allegations contained herein.

39. The claimant is without sufficient information to admit or deny the allegations contained herein.

40. The claimant reasserts its responses to paragraphs 7 through 39 as set forth above.

41. Admit, except to deny that the Government is entitled to the relief sought herein.

42. Admit, except to deny that the Government is entitled to the relief sought herein.

43. Denied.

44. Admit, except to deny that the claimant or any of his corporations were operating as a money transmitting business in the State of Florida.

45. Admit, except to deny that the Government is entitled to the relief sought herein.

46. Denied.

47. Admit, except to deny that any of the entities or individuals referred to herein were conducting any business operations in the State of Florida that required a money service business license under the relevant provisions of the Florida Statutes.

48. Denied.

49. The claimant reasserts its responses to paragraphs 7 through 39 as set forth above.

50. Admit, except to deny that the Government is entitled to the relief sought herein.

51. Admit, except to deny that the Government is entitled to the relief sought herein.

52. Denied.

53. Admit, except to deny that the Government is entitled to the relief sought herein.

54. Admit, except to deny that the Government is entitled to the relief sought herein.

55. Denied.

56. Denied.

57. Admit, except to deny that any of the entities or individuals referred to herein were conducting a money transmitting business in the State of Florida, or in the District of Columbia, that required registration with FinCEN.

58. Denied.

## AFFIRMATIVE DEFENSES

1. The funds used to purchase Unit #312 were not the product of, and are not in any way related to, unlicensed money transmitting in violation of 18 U.S.C. § 1960.

2. The funds used to purchase Unit #312 were not the product of, and are not in any way traceable to, unlicensed money transmitting in violation of FLA. STAT. §§ 560.101-560.408.

## DEMAND FOR JURY TRIAL

The claimant, Cesar Omana, hereby demands a jury trial in the above-styled cause.

DATED this 9th day of May, 2014.

Respectfully submitted,

/s/ Robert I. Targ, Esq.
Florida Bar No.: 272299

          **DIAZ, REUS & TARG, LLP**
3400 Miami Tower
100 Southeast 2nd Street
Miami, FL 33131
Telephone (305) 375-9220
Telecopier (305) 375-8050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9, 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          /s/ Robert I. Targ, Esq.